hDOUCET, C.J.,
dissenting.
I would affirm the trial court’s ruling finding Louisiana Revised Statute 13:716(B)(1), as it pertains to the issuance of search warrants, constitutional because it does not improperly delegate judicial power to an appointed commissioner to issue search warrants. The majority found *622 the portion of the statute which authorizes a commissioner to issue search warrants unconstitutional based on the interpretation that the determination of probable cause to search is a final or ultimate determination that can only be made by an elected judge. I disagree.
The majority reasons that the issuance of the warrant is a final determination of the probable cause for the warrant. I submit that the issuance itself is not a final or ultimate determination in the case as the validity of the warrant and the admissibility of the evidence seized as a result thereof is subject to judicial review. The validity of the search warrant is reviewable and, if the search warrant is found to have been issued improvidently, then the evidence obtained as a result of the search warrant can be suppressed. The supreme court has upheld limited judicial action by commissioners as long as the final determination in the case is made by an elected judge. See Bordelon v. Louisiana Dep’t of Corrections, 398 So.2d 1103 (La.1981). See also State v. O’Reilly, 00-2864 (La.5/15/01); 785 So.2d 768. I disagree that the issuance of a search warrant is a final determination.
lain O’Reilly, the Louisiana Supreme Court held that the ultimate determination in a case is an exercise of judicial power and must be made by an elected judge. I agree. In Bordelon, the supreme court found the determining factor of whether the act or proceeding must be made or conducted by an elected official instead of an appointed official depends on whether it is an ultimate decision in the case as the adjudicatory power must be exercised by an elected judge.
The Defendant bore the burden of showing that the statute is unconstitutional. In the instant case, the Defendant has failed to meet this burden. Since the issuance of a search warrant is not a final or ultimate determination that must be made by an elected judge, I find that portion of La. R.S. 13:716(B)(1) authorizing the issuance of search warrants by a commissioner does not improperly delegate judicial power to a commissioner. Consequently, I respectfully dissent from the majority opinion herein, I would uphold the constitutionality of the statute and I would affirm the trial court’s denial of the motion to suppress.
Furthermore, I find that even if the portion of the statute permitting the commissioner to issue search warrants is unconstitutional, the motion to suppress should still have been denied as the de facto officer doctrine is applicable. The majority concludes that the defacto officer doctrine is unavailing to the State because the Defendant sought review of the matter pretrial. The issue before the O’Reilly court was whether the commissioner of the Twenty-Second Judicial District Court could accept pleas, adjudicate cases and impose sentences — matters which the court found were final determinations which must be made by an elected official. The court held that the de facto officer doctrine applied since the statute had not been attacked nor had the statute been declared unconstitutional prior to the defendants’ convictions and sentences. The court went on to uphold the convictions at issue, finding the de \ ¡facto officer doctrine applicable. The majority in the case at bar concludes that the issuance of the search warrant was a final determination of whether probable cause existed for the issuance of the search warrant. The majority also finds that, since the statute at issue is being attacked pretrial, the de facto officer doctrine does not apply. I find the present situation is clearly addressed by the O’Reilly decision and the de facto officer doctrine would be applicable. Since the portion of the statute at issue had not been declared unconstitu *623 tional, the officers had no reason to question the search warrant’s validity at the time of execution of the warrant. In O’Reilly, the Louisiana Supreme Court, quoting the United States Supreme Court, stated:
The U.S. Supreme Court has explained the de facto officer doctrine and its underlying principles as follows:
The de facto officer doctrine confers validity upon acts performed by a person acting under the color of official title even though it is later discovered that the legality of that person’s appointment or election to office is deficient. The de facto doctrine springs from the fear of the chaos that would result from multiple and repetitious suits challenging every action taken by every official whose claim to office could be open to question, and seeks to protect the public by insuring the orderly functioning of the government despite technical defects in title to office.
Ryder v. United States, 515 U.S. 177, 180, 115 S.Ct. 2031, 2034, 132 L.Ed.2d 136 (1995) (internal citations omitted).
[[Image here]]
.... This court has held that until a de facto officer’s title to the office is attacked directly and held to be invalid, “the acts of a de facto official are as valid and effectual, when they concern the public or the rights of third parties, as though he were an officer de jure.... ” State v. Stripling, 354 So.2d 1297, 1300-01 (La.1978).
Id. at 12-13, 776-777.
[4If the majority is correct in finding the commissioner lacked the authority to issue search warrants, then her actions conducted pursuant to La.R.S. 13:716(B)(1), prior to this court’s decision, should be found valid and given full effect.
For these reasons, I respectfully dissent.